1 | SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
2 | E-mail: jmeer@seyfarth.com
2029 Century Park East, Suite 3500
3 | Los Angeles, California 90067-3021
Telephone: (310) 277-7200
4 | Facsimile: (310) 551-8324

5 | SEYFARTH SHAW LLP
Brandon R. McKelvey (SBN 217002)
6 | Email: bmckelvey@seyfarth.com
**Julie G. Yap (SBN 243450)**
7 | Email: jyap@seyfarth.com
400 Capitol Mall, Suite 2350
8 | Sacramento, California 95814-4428
Telephone: (916) 448-0159
9 | Facsimile: (916) 558-4839

10 | Attorneys for Defendants
C&S WHOLESALE GROCERS, INC. and
11 | TRACY LOGISTICS LLC

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14 |

Case No. **CV13-6357**GAF (JCx)

15 | JOSE CHAN; an individual,

16 | Plaintiff,

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

17 | v.

[LASC Case No. BC515593]

18 | C&S WHOLESALE GROCERS, INC.,
a Vermont corporation; TRACY
19 | LOGISTICS, LLC, an unknown
business entity; and DOES 1 through
20 | 100, inclusive,

21 | Defendants.

Complaint Filed: July 18, 2013

22 |

23 | TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO

24 | PLAINTIFF AND HIS COUNSEL OF RECORD:

25 | PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446,

26 | defendants C&S Wholesale Grocers, Inc. and Tracy Logistics LLC ("Defendants")

27 | hereby remove the above-captioned action from Los Angeles County Superior

28 | Court of the State of California to the United States District Court for the Central

1

District of California.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship jurisdiction).

1.     On July 18, 2013, Plaintiff Jose Chan ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court of the State of California entitled *JOSE CHAN, an individual v. C&S Wholesale Grocers, Inc. a Vermont corporation; Tracy Logistics, LLC, an unknown business entity, and DOES 1 through 100, inclusive*, Case No. BC515593.  (A true and correct copy of the Complaint is attached hereto as **Exhibit A** to the Request for Judicial Notice ("RJN").)

2.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").  Defendants were served with the Complaint on July 31, 2013.

3.     Defendants filed their Answer to the Complaint in Los Angeles County Superior Court on August 14, 2013.  (A true and correct copy of the Answer is attached hereto as **Exhibit B** to the RJN.)  Defendants have not filed any other pleadings or papers in this action prior to this Notice of Removal.

4.     This Notice of Removal is timely as it is filed within thirty days of service of the Complaint.  28 U.S.C. § 1446(b).

5.     Defendants have not secured the consent of the "DOE" defendants before removing this action because Defendants do not know the identity of the "DOE" defendants and have no reason to believe that any of them have been properly served or have voluntarily appeared in this action.  Both named

NOTICE OF REMOVAL CIVIL ACTION TO UNITED STATES DISTRICT COURT

15976795v.6

1    Defendants, C&S Wholesale Grocers, Inc. and Tracy Logistics LLC, join in the

2    Notice of Removal.

3          6.     Plaintiff Chan alleges he was misclassified as a salaried warehouse

4    supervisor and should have instead been classified as a non-exempt hourly worker

5    and paid by the hour.  (Complaint, ¶¶ 13-15.)  The Complaint alleges nine causes

6    of against Defendants as follows:  (1) unpaid overtime (Cal. Lab. Code §§ 510 and

7    1198); (2) unpaid meal period premiums (Cal. Lab. Code §§ 226.7 and 512(a)); (3)

8    unpaid rest period premiums (Cal. Lab. Code § 226.7); (4) unpaid minimum wage

9    (Cal. Lab. Code §§ 1194, 1197, 1197.1); (5) wages not timely paid during

10   employment (Cal. Lab. Code § 204); (6) non-compliant wage statements (Cal. Lab.

11   Code §226(a)); (7) failure to keep requisite payroll records (Cal. Lab. Code §

12   1174(d)); (8) unreimbursed business expenses (Cal. Lab. Code §§ 2800 and 2802);

13   and (9) violation of the California Business and Professions Code, §§ 17200 *et seq.*

14   (Complaint, ¶¶ 42-106.)

15         7.     The Statute of Limitations on Plaintiff's cause of action for alleged

16   violation of the California Business and Professions Code, §§ 17200 *et seq.* is four

17   years.  Plaintiff alleges that Defendants violated §§ 17200 *et seq.* by, *inter alia*,

18   requiring Plaintiff to work overtime without proper compensation, requiring

19   Plaintiff to work through his meal and rest breaks, and failing to pay timely wages.

20   Plaintiff further alleges that he "is entitled to restitution of the wages withheld and

21   retained by Defendant during a period that commences four years prior to the filing

22   of this Complaint."  Accordingly, for purposes of the calculations in this Notice of

23   Removal, the "relevant time period" is from July 18, 2009 until the present.

24         8.     Plaintiff is a putative class member in an action, originally filed in

25   Sacramento County Superior Court and subsequently removed to the United States

26   District Court, Eastern District of California, entitled "*Dennis Bicek, individually*

27   *and on behalf of other members of the general public similarly situated, and on*

28   *behalf of aggrieved employees pursuant to the Private Attorneys General Act*

3

*("PAGA") v. C&S Wholesale Grocers, Inc., a Vermont corporation; Tracy Logistics, LLC, an unknown business entity; and DOES 1 through 100, inclusive",* case number 2:13-cv-00411-MCE-KJN  (the "Bicek Action").  (A true and correct copy of the Bicek Complaint is attached hereto as **Exhibit C** to the RJN.)  The Bicek Action alleges three causes of action against Defendants as follows:  (1) Unlawful Failure to Pay Minimum and  Overtime Wages (Lab. Code §§ 510, 1194, *et seq.*); (2) Labor Code Private Attorneys General Act of 2004 (Lab. Code § 2698, *et seq.*) ("PAGA"); and (3) Unfair Competition (Bus. & Prof. Code § 17200, *et seq.*).

9.    The Bicek Action, brought by the same attorneys who represent the Plaintiff in this Action, is brought on behalf of "All current and former California-based salaried 'warehouse supervisors,' or person who held similar job titles and/or performed similar job duties, who worked for Defendants within the State of California from February 3, 2007 to final judgment."  (**Exhibit C** to the RJN, Bicek Complaint, ¶ 17.)  Plaintiff is a member of this putative class.

10.    The same attorneys who filed this Action moved to remand the Bicek Action.  On August 2, 2013, the United States District Court for the Eastern District of California DENIED the motion.[1]  (A true and correct copy of the Order Denying Motion to Remand is attached hereto as **Exhibit D** to the RJN.)

11.    The same attorneys who filed this Action and the Bicek Action also previously filed another putative class action in Sacramento County Superior Court, alleging the same claims against the same Defendants entitled "*DAVID TOMPKINS, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") v. C&S Wholesale Grocers, Inc., a Vermont corporation; Tracy Logistics, LLC, an unknown business entity; and DOES 1*

---

[1] Defendants intend to file a motion to transfer this case to the Eastern District of California and subsequently to relate it to this putative class action.

4

15976795v.6

*through 100, inclusive,"* Case No. 34-2011-00096371 (the "Tompkins Action"). The Tompkins Action alleged the same three causes of action on behalf of the same putative class alleged in the Bicek Action.[2]

12.     After discovery, including the deposition of putative class representative David Tompkins ("Tompkins"), the Tompkins Action was resolved by Defendants' joint offer to pay to the individual plaintiff a total sum of $75,001 (Seventy-Five Thousand One Dollars).  (A true and correct copy of the Offer to Compromise and Acceptance is attached hereto as **Exhibit E** to the RJN.)

13.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and this action is removable under 28 U.S.C. § 1441(b) in that it involves citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

14.     Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded."  *See Damele v. Mack Trucks, Inc.*, 219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to the statement of damages set forth in his Complaint.)  Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the

_____

[2] The same attorneys who filed this action have also filed at least four individual lawsuits on behalf of 12 individual plaintiffs (including this action) all of whom currently work or have worked at the same facility as Bicek in Stockton, California.  These actions have been filed in the Los Angeles County Superior Court and the San Joaquin County Superior Court.  Defendants intend to file Notices of Removal in all these actions and subsequently move to transfer all actions removed to this Court to the United States District Court for the Eastern District of California.

5

15976795v.6

1    district court finds, by the preponderance of the evidence, that the amount in

2    controversy exceeds the amount specified in section 1332(a)," or $75,000.  28

3    U.S.C. § 1446(c)(2)(B).

4        15.    The preponderance standard is not a "daunting" standard.  *Muniz v.*

5    *Pilot Travel Centers LLC*, No. CIV S-07-0325 FCD EFB (E.D. Cal. May 1, 2007);

6    *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties

7    need not predict the trier of fact's eventual award with one hundred percent

8    accuracy").  A removing defendant must simply produce underlying facts or

9    evidence demonstrating more likely than not the amount in controversy exceeds

10   $75,000.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

11   (district court properly considered damages awards in other similar cases); *Rippee*

12   *v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the

13   inquiry is what amount is "put in controversy" by the plaintiff's complaint, not

14   what a defendant will actually owe).

15       16.    As set forth more fully below, the Court has diversity jurisdiction

16   under 28 U.S.C. § 1332(a) over Plaintiff's claims because Plaintiff is diverse from

17   both Defendants and Plaintiff's claims are worth more than $75,000 based on

18   Plaintiff's sworn statements made in a declaration.  If calculated specifically, the

19   amount in controversy of Plaintiff's claims exceeds at least **$179,524.86**, which

20   does not include the amount in controversy on all Plaintiff's alleged causes of

21   action or attorneys' fees.

22                    **Plaintiff and Defendants are Completely Diverse**

23       17.    Plaintiff was employed as a warehouse supervisor in the State of

24   California at the Stockton location of Tracy Logistics LLC (the "Stockton

25   facility").  Plaintiff alleges that he "is an individual residing in the State of

26   California."  (Ex. A, Compl. ¶ 5.)

27       18.    For diversity of citizenship purposes, a person is a "citizen" of the

28   state in which he is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088,

15976795v.6

1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).

19.   Therefore, Plaintiff was domiciled in the State of California at the time he filed this action and is a citizen of California for purposes of diversity jurisdiction in this matter.

20.   C&S Wholesale Grocers, Inc. is a Vermont corporation with its principal place of business in the State of New Hampshire.  For purposes of diversity jurisdiction, a corporation is deemed a citizen of every State "by which it has been incorporated" and of the States "where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

21.   Therefore, for purposes of diversity jurisdiction, Defendant C&S Wholesale Grocers, Inc. is a citizen of both Vermont and New Hampshire and is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

22.   Tracy Logistics LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of New Hampshire.  For purposes of removal jurisdiction in an action like this one, a limited liability company "is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."  *Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698, 699-700 (4th Cir. 2010); *see Marroquin v. Wells Fargo, LLC,* 2011 WL 476540 at 2 (S.D. Cal. 2011) (holding that "an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized" and

15976795v.6

1 | citing Ferrell, supra, as applicable to determining citizenship of an LLC); *see also*
2 | 28 U.S.C. § 1332(d)(10).

3 |      23.    Tracy Logistics LLC is wholly owned by its sole member, C&S
4 | Logistics of Sacramento/Tracy LLC.  For purposes of diversity jurisdiction, a
5 | limited liability company is also a citizen of every state of which its
6 | owners/members are citizens.  *Johnson v. Columbia Properties Anchorage, LP*,
7 | 437 F.3d 894, 899 (9th Cir. 2006).  C&S Logistics of Sacramento/Tracy LLC is,
8 | and was at the time of the institution of this civil action, a limited liability company
9 | organized under the laws of the State of Delaware, with its principal place of
10 | business in New Hampshire.  C&S Logistics of Sacramento/Tracy LLC is wholly
11 | owned by its sole member, C&S Acquisitions LLC, who is, and was at the time of
12 | the institution of this civil action, a limited liability company organized under the
13 | laws of the State of Delaware, with its principal place of business in New
14 | Hampshire.  C&S Acquisitions LLC is wholly owned by its sole member, C&S
15 | Wholesale Grocers, Inc., who is, and was at the time of the institution of this civil
16 | action, a citizen of both Vermont and New Hampshire.

17 |      24.    Therefore, for the purposes of removal jurisdiction, Tracy Logistics
18 | LLC is not now, and was not at the time of the filing of the Complaint, a citizen of
19 | the State of California.

20 |      25.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and
21 | unknown defendants should be disregarded for purposes of establishing removal
22 | jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d
23 | 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a
24 | removal petition); *see also Soliman v. Philip Morris, Inc.,* 311 F. 3d 966, 971 (9th
25 | Cir. 2002).  Thus, the existence of Doe defendants one through one hundred,
26 | inclusive, does not deprive this Court of jurisdiction.  *Abrego Abrego v. Dow*
27 | *Chemical Co.*, 443 F.3d 676, 679-680 (9th Cir. 2006).

28 |

15976795v.6

**The Amount in Controversy Exceeds the Statutory Minimum**

26.    The alleged amount in controversy for Plaintiff's individual claims exceeds $75,000 based on admissions made in his sworn declaration.

27.    Plaintiff has executed a declaration that included information regarding his typical work schedule and hours.  (Declaration of Jose Chan.); *see Sims v. AT&T Mobility Servs. LLC*, No: 2:12-cv-2702, 2013 WL 753496, at *5 (E.D. Cal. Feb. 27, 2013) (considering declarations signed during the course of prior class action investigation in determining amount in controversy) *see also Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n. 1 (9th Cir. 2002) (district court properly considered admission in a settlement letter proffered by the removing defendant in opposition to remand); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (district court properly considered counsel's post-removal admission in open court that the amount in controversy was satisfied). Based upon these admissions, the amount in controversy on Plaintiff's overtime claim, alone, exceeds the statutory minimum for diversity jurisdiction.

28.    **Overtime Claim:**  In his first cause of action, Plaintiff alleges Defendants failed to pay overtime wages in violation of Labor Code §§ 510 and 1198. (Ex. A, Compl., ¶¶ 42-50.)  Plaintiff alleges that "[d]uring the relevant time period, [he] worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week." (*Id.* ¶ 47.)

29.    The Stockton facility is open 24 hours per day, 7 days per week.  Most union employees at the Stockton facility work four (4), ten (10) hour shifts during the work week.

30.    Plaintiff was employed at the Stockton facility for 214 weeks during the relevant time period.

31.    In his declaration, Plaintiff stated that he has generally worked five days a week, from Monday to Friday from about 2:00 p.m. to 2:00 a.m., since April 2011. (Declaration of Jose Chan, ¶ 4.)  Before April 2011, Plaintiff's worked

9

15976795v.6

from Sunday through Thursday, during which he worked 12-hour shifts each day except for Thursdays when he worked 10.5-hour shifts. (*Id.*) Therefore, based on Plaintiff's sworn statements, during the relevant time period, he allegedly worked a total of 18.5 hours of overtime per week between July 18, 2009 and March 31, 2011 (88 workweeks) and 20 hours of overtime per week since April 2011 (126 workweeks).

32.   Plaintiff's salary as a warehouse supervisor during the relevant time period ranged from $53,298.30 in 2009 to $62,159.85 in 2013. Plaintiff's average[3] hourly wage during the relevant time period was $28.13.[4]

33.   Therefore, based on the sworn statements in Plaintiff's declaration, the amount in controversy over Plaintiff's overtime claim would be, at minimum, **$175,024.86** ((88 workweeks x 18.5 hours OT per week x $28.13 per hour x 1.5) + (126 workweeks x 20 hours OT per week x $28.13 per hour x 1.5)). Based on Plaintiff's own declaration, his **overtime claim alone** exceeds the jurisdictional threshold of $75,000 in amount in controversy.

34.   **Non-Compliant Wage Statement Claim:**  Plaintiff also alleges that Defendants failed to provide Plaintiff with complete and accurate wage statements. (*See* Compl., ¶¶ 29, 86, 103.) Specifically, Plaintiff alleges that Defendants failed "to include the total number of hours worked by Plaintiff" in wage statements. (*Id.* ¶ 86.)

35.   Plaintiff seeks statutory penalties pursuant to Labor Code Section 226(e) as a result of these violations. (Compl., Prayer for Relief, ¶ 32.) Labor Code Section 226(e) provides that "[a]n employee suffering injury as a result of a

---

[3] Defendants use the weighted average, taking into consideration the amount of weeks worked at each hourly rate during the relevant class period. Specifically, the weighted average is calculated as follows: ((15 weeks x $25.62 per hour) + (53 weeks x $26.65 per hour) + (16 weeks x $27.45 per hour) + (36 weeks x $28.17 per hour) + (52 weeks x $29.16 per hour) + (42 weeks x $29.88 per hour))/214 workweeks = **$28.13**.

[4] Even using Plaintiff's minimum salary of $53,298.37 per year ($25.62 per hour), the amount in controversy on Plaintiff's overtime claim is $159,407.64, well exceeding the minimal amount in controversy for diversity jurisdiction.

10

15976795v.6

1   knowing and intentional failure by an employer to comply with subdivision (a) is

2   entitled to recover the greater of all actual damages or fifty dollars ($50) for the

3   initial pay period in which a violation occurs and one hundred dollars ($100) per

4   employee for each violation in a subsequent pay period, not to exceed an aggregate

5   penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

6   reasonable attorney's fees."

7       36.    The alleged limitations period for a potential wage statement claim

8   would be from July 18, 2010 to the present, or a three-year statute of limitation.

9   Employees at the Stockton facility are paid on a weekly basis.  As such, there are

10  52 pay periods per year.  Thus, based on Plaintiff's allegations and sworn

11  statements that he worked more than eight hours a day every day he was

12  scheduled, he allegedly received at least 156 allegedly inaccurate wage statements

13  between July 18, 2010 to July 18, 2013, the date he filed this Complaint.

14      37.    Based on the number of allegedly inaccurate wage statements he

15  received, the amount in controversy on Chan's claim for wage statement violations

16  is $15,550 ($50 for the initial pay period and $100 for 155 subsequent pay

17  periods).  But, Labor Code § 226(e) caps the aggregate penalties at $4,000 per

18  person.  Therefore, Plaintiff's individual wage statement claim demonstrates an

19  amount in controversy of **$4,000**.

20      38.    **Failure to Keep Requisite Payroll Records Claim.**  Plaintiff claims

21  that Defendants "failed to keep accurate and complete payroll records showing the

22  hours worked daily and the wages paid, to Plaintiff," in violation of Labor Code

23  Section 1174(d).  (Complaint, ¶¶ 92-93.)  Plaintiff seeks to recover, *inter alia*,

24  statutory penalties pursuant to Labor Code Section 1174.5, which provides that

25  "Any person employing labor who willfully fails to maintain the records required

26  by subdivision (c) of Section 1174 or accurate and complete records required by

27  subdivision (d) of Section 1174, or to allow any member of the commission or

28  employees of the division to inspect records pursuant to subdivision (b) of Section

11

15976795v.6

1174, shall be subject to a civil penalty of five hundred dollars ($500)."

According, Plaintiff's Labor Code Section 1174(d) claim demonstrates an amount

in controversy of **$500**.

39.     Therefore, based upon Plaintiff's allegations regarding failure to pay

overtime, inaccurate wage statements, and failure to maintain requisite payroll

records, the amount in controversy for his claims is **$179,524.86**, calculated as

follows:

- •     $175,024.86        Overtime Claim[5]
- •     $4,000             Wage Statement Claim
- •     $500               Failure to Maintain Requisite Payroll Records

40.     Requests for attorneys' fees must also be taken into account in

ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia,* 142 F.3d

1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included

in amount in controversy, regardless of whether award is discretionary or

mandatory.)  Thus, the amount in controversy for purposes of removal under 28

U.S.C. § 1332(a) exceeds **$179,524.86**.

41.     A reasonable estimate of fees likely to be recovered may be used in

calculating the amount in controversy.  *Brady v. Mercedes-Benz USA, Inc.*, 243 F.

Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing

---

[5] There is no question that the jurisdictional threshold of $75,000 is met in this case, since the $179,524.86 does not include the amount in controversy for several of plaintiff's other claims for which he seeks recovery.  In his second and third causes of action, Plaintiff seeks unpaid meal and rest period premiums.  Plaintiff also seeks: (1) "general unpaid wages," "general and special damages," and statutory wage penalties claims for alleged violation of Labor Code §§ 1194, 1197, and 1197.1, (Complaint, Prayer, ¶¶ 19-25); (2) "all actual, consequential, and incidental losses and damages" for alleged violation of Labor Code § 204 (Complaint, Prayer, ¶¶ 26-29); and (3) damages, penalties, and punitive damages for alleged violation of Labor Code §§ 2800 and 2802, (Complaint, Prayer, ¶¶ 39-44).  Because, based on his own sworn statements, Plaintiff's overtime claim plainly exceeds the minimum amount in controversy for diversity jurisdiction, Defendants do not include calculations of the amount placed in controversy by these claims in the Notice of Removal.  However, Defendants can and will include such calculations upon the court's request and reserve the right to supplement the Notice of Removal with such information.

NOTICE OF REMOVAL CIVIL ACTION TO UNITED STATES DISTRICT COURT

15976795v.6

1  plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to

2  be incurred to resolution is part of the benefit permissibly sought by the plaintiff

3  and thus contributes to the amount in controversy.); *Zator v. Sprint/United Mgmt.*

4  *Co.*, 2011 U.S. Dist. LEXIS 33383 at * 6 (S.D. Cal. Mar. 29, 2011).

5      42.    Moreover, in the Tompkins Action, Tompkins brought the same

6  claims and alleged, as Plaintiff does here, that as a warehouse supervisor he was

7  misclassified as an exempt employee.  While Tompkins only brought claims for

8  unpaid minimum and overtime wages, violation of the California Labor Code §§

9  2698 *et seq.*, and violation of the California Business and Professions Code §§

10  17200 *et seq.*, Plaintiff here brings those claims and additionally alleges claims of

11  unpaid meal and rest period premiums, wages not timely paid during employment,

12  non-compliant wage statements, failure to keep requisite payroll records, and

13  unreimbursed business expenses.  Both Plaintiff and Tompkins worked as

14  warehouse supervisors at the same location, but Tompkins worked as a warehouse

15  supervisor for less time than Plaintiff worked in the same position.  Tompkins

16  settled his individual claims for $75,001.  Because Plaintiff worked longer than

17  Tompkins in the same position, makes the same allegations of misclassification in

18  this lawsuit and additionally alleges six other claims, Plaintiff's claims are worth

19  more than, but at least as much as, $75,001.[6]

20      43.    This fact alone is sufficient to demonstrate the minimum amount in

21  controversy for Plaintiff's claims.

22      44.    Based on the aforementioned allegations and calculations, the amount

23  in controversy on Plaintiff's claims far exceeds $75,000 (exclusive of interest,

24  costs, and attorneys' fees) and thus this Court has jurisdiction pursuant to 28

25  U.S.C. § 1332(a) and Plaintiff's action is removable under 28 U.S.C. § 1441(b).

26  _____

27  [6] Although the settlement figure in Tompkins conclusively establishes the minimum amount in controversy on Plaintiff's claims here, as with any settlement the amount agreed upon represents

28  a compromise and thus does not represent the full potential value of the claim or the total amount in controversy for purposes of removal.

13

**Venue**

45.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Los Angeles County Superior Court of the State of California, which is located within the Central District of California.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  (28 U.S.C. § 1441(a).)

46.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Joaquin County Superior Court of the State of California, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above action pending before the Los Angeles County Superior Court of the State of California be removed to the United States District Court for the Central District of California.


DATED: August 29, 2013                    Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By: _____
                                              Jon D. Meer
                                              Brandon R. McKelvey
                                              Julie G. Yap
                                              Attorneys for Defendants
                                              C&S WHOLESALE GROCERS, INC.
                                              and TRACY LOGISTICS LLC

14

NOTICE OF REMOVAL CIVIL ACTION TO UNITED STATES DISTRICT COURT

15976795v.6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Gary A. Feess_____ and the assigned Magistrate Judge is _____Jacqueline Chooljian_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV6357 GAF JCx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 29, 2013_____
Date

By _____J.Prado_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**